IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                       )
ALICE PEAK,                            )
1370 Congress Street SE #4,            )
Washington, DC  20032,                 )
                        Plaintiff,     )
                                       )
v.                                     )
                                       )
DISTRICT OF COLUMBIA                   )
One Judiciary Square                   )
441 Fourth Street, NW                  )
Washington, DC  20001,                 )
                        Defendant.     )
_____)
```

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Alice Peak, on behalf of her minor child R.P. and through undersigned counsel, for her complaint herein alleges as follows:

**INTRODUCTION**

1.  This is a claim for injunctive and declaratory relief brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"). The Plaintiff seeks a judgment: 1) declaring that the District of Columbia Public Schools ("DCPS") failed to comply with the terms and conditions of a November 14, 2006 Hearing Officer's Determination ("HOD"); 2) declaring that DCPS violated the IDEA by failing timely to conduct and review a comprehensive non-verbal cognitive evaluation of R.P.; and 3) ordering DCPS to convene a multidisciplinary team ("MDT") meeting in order to accomplish the objectives outlined in the November 14, 2006 HOD and to develop an appropriate compensatory education plan to compensate R.P. for its failures to comply with the November 14, 2006 HOD and timely to conduct and to review all necessary evaluations.

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.   On May 4, 2007, the Plaintiff participated in an administrative hearing of claims made in this Complaint conducted by the DCPS Enforcement and Investigation Division. In an order issued on May 11, 2007, the Hearing Officer denied all of the Plaintiff's claims and dismissed her case.

## PARTIES

4.   Alice Peak is the adult grandmother and guardian of R.P., a thirteen-year-old girl. Ms. Peak and R.P. reside together in Washington, D.C..

5.   The District of Columbia is a municipal corporation that receives federal financial assistance in exchange for providing special education and related services to children in its jurisdiction.

6.   The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

7.   A Hearing Officer's Determination ("HOD") issued on November 14, 2006 by the DCPS State Enforcement and Investigative Division ordered DCPS to fund an independent auditory processing evaluation of R.P. and to convene an MDT meeting within fifteen days of receipt of that evaluation in order to review all current evaluations and to update R.P.'s Individualized Education Program ("IEP").

8.   DCPS received R.P.'s independent auditory processing evaluation on January 8, 2007.

9. R.P.'s independent auditory processing evaluation recommended that she receive non-verbal cognitive testing.

10. DCPS did not convene an MDT meeting on or before January 30, 2007.

11. On February 7, 2007, Plaintiff's counsel sent a notice of noncompliance with the November 14, 2006 HOD to the DCPS Office of Mediation and Complaince.

12. DCPS did not conduct non-verbal cognitive testing of R.P., convene an MDT meeting, or update R.P.'s IEP by February 9, 2007.

13. On February 9, 2007, the Plaintiff filed an IDEA due process complaint with DCPS.

14. The February 9, 2007 due process complaint alleged, inter alia, that DCPS had failed to comply with the November 14, 2006 HOD and had failed to conduct and review evaluations in all areas of suspected disability.

15. On May 4, 2007, DCPS held an administrative hearing to resolve the Plaintiff's due process complaint.

16. In an HOD issued on May 11, 2007, the Hearing Officer denied the Plaintiff any relief.

17. DCPS did not complete non-verbal cognitive testing of R.P. until June 1, 2007.

18. DCPS has not revised R.P.'s IEP since July 20, 2006.

### COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

19. The allegations of Paragraphs 1-18 above are incorporated herein as if repeated verbatim.

20. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction free appropriate public education ("FAPE").

21. DCPS' failures to comply with the November 14, 2006 HOD and to conduct and review evaluations in all areas of suspected disability have denied R.P. her right to FAPE under the IDEA.

22. As a result of this denial, R.P. has experienced and continues to experience harm to her educational development.

### COUNT II: FAILURE TO CONDUCT AND REVIEW EVALUATIONS IN ALL AREAS OF SUSPECTED DISABILITY

23. The allegations of Paragraphs 1-22 above are incorporated herein as if repeated verbatim.

24. The IDEA requires DCPS to evaluate children in its jurisdiction in all areas of suspected disability.

25. The IDEA requires DCPS to base each IEP upon current evaluations.

26. DCPS' failure timely to conduct non-verbal cognitive testing of R.P. and to review that testing as part of the IEP development process has violated the IDEA.

27. As a result of this violation, R.P. has experienced and continues to experience harm to her educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) declare that DCPS failed to comply with the terms and conditions of the November 14, 2006 Hearing Officer's Determination ("HOD");

2) declare that DCPS violated the IDEA by failing timely to conduct and to review a comprehensive non-verbal cognitive evaluation of R.P.; and

3) order DCPS to convene a multidisciplinary team ("MDT") meeting to accomplish the objectives outlined in the November 14, 2006 HOD, and to develop an appropriate compensatory education plan to compensate R.P. for its failures to comply with the November 14, 2006 HOD and timely to conduct and review evaluations;

4) award the Plaintiff attorneys' fees and costs of this action; and

5) award any other relief the Court deems just.

       Respectfully submitted,


       /s/_____
       Douglas Tyrka, #467500
       Tyrka & Associates, LLC
       1726 Connecticut Ave., NW, Suite 400
       Washington, D.C.  20009
       Phone:  (202) 265-4260
       Fax:  (202) 265-4264

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS
Alice Peak

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave, NW
Suite 400
Washington, DC 20009

Case: 1:07-cv-01444
Assigned To : Collyer, Rosemary M.
Assign. Date : 8/9/2007
Description: Admn. Agency Review

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. **Habeas Corpus/ 2255** | ○ H. **Employment Discrimination** | ○ I. **FOIA/PRIVACY ACT** | ○ J. **Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. **Labor/ERISA (non-employment)** | ○ L. **Other Civil Rights (non-employment)** | ○ M. **Contract** | ○ N. **Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
20 U.S.C. sec. 1400 et seq. IDEA case for injunctive and declaratory relief

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 08/06/07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.