THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICE PEAK,<br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>　　　　Defendant. | )<br>)<br>)<br>)  Civil Action No. 07-1444<br>)  RMC<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Alice Peak respectfully moves for a default judgment because the Defendant has failed to plead or otherwise to defend in this action, and the Clerk has entered the Defendant's default.

Wherefore, Ms. Peak respectfully requests that this Court enter default judgment against the Defendant: 1) declaring that DCPS failed to comply with the terms and conditions of a November 14, 2006 hearing officer's determination ("HOD"); 2) declaring that DCPS violated the IDEA by failing timely to conduct and to review a comprehensive non-verbal cognitive evaluation of R.P.; and 3) ordering the Defendant to convene a multidisciplinary team ("MDT") meeting, and at that meeting to accomplish the objectives outlined in the November 14, 2006 HOD and to develop an appropriate compensatory education plan to compensate R.P. for the violations identified above.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Douglas Tyrka
　　　　　　　　　　　　　　　　　　　　Douglas Tyrka, #467500
　　　　　　　　　　　　　　　　　　　　Tyrka & Associates, LLC

1

1726 Connecticut Ave., NW, Suite 400
Washington, D.C. 20009
Phone: (202) 265-4260
Fax: (202) 265-4264
tyrka@tyrkalaw.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE PEAK,<br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>      Defendant. | Civil Action No. 07-1444 RMC |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

**BACKGROUND**

The Plaintiff filed her Complaint on August 9, 2007, seeking relief under the Individuals with Disabilities Education Act. 20 U.S.C. § 1400 et seq. The Defendant was served with the Complaint on August 22, 2007. See Return of Service Affidavit, filed October 5, 2007. On December 17, 2007, the Clerk entered the Defendant's default.

**STATUTORY FRAMEWORK**

The IDEA, 20 U.S.C. § 1400, et seq., guarantees "that all children with disabilities have available to them free appropriate public education [FAPE] that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A); 34 C.F.R. § 300.300.

"The primary vehicle for implementing these congressional goals is the [individualized education program ("IEP")]…Prepared at meetings between a representative of the local school district, the child's teacher, the parents or guardians, and, whenever appropriate, the disabled child, the IEP sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed

3

instruction and services that will enable the child to meet those objectives." Honig v. Doe, 484 U.S. 305, 311 (1988).

Students' abilities must be assessed and evaluated before they can be found eligible to receive specialized instruction. See 20 U.S.C. § 1414(b)(4). Therefore, each local educational agency ("LEA") must ensure that "[t]he child is assessed in all areas of suspected disability," "including, if appropriate, health, vision, hearing, social and emotional status, general intelligence, academic performance, communicative status, and motor abilities." 20 U.S.C. § 1414(b)(3)(B); 34 C.F.R. § 300.304(c)(4). The LEA must then base the child's IEP on the most recent evaluations. 20 U.S.C. § 1414(d)(3)(A)(iii).

Congress has also afforded parents several procedural safeguards. See 20 U.S.C. § 1415. Among them are the right to an administrative "due process hearing" and the right of "[a]ny party aggrieved by the findings and decision" at a due process hearing "to bring a civil action with respect to the complaint presented...in a district court of the United States without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

**ARGUMENT**

The Defendant has failed to plead or otherwise defend this action and the clerk has entered its default accordingly. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, following an entry of default, a party may apply to the Court for judgment by default. "A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics." Carpenters Labor-Mgmt. Pens. Fund v. Freeman-Carder LLC, 498 F. Supp 2d 237 (D.D.C. 2007) citing Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 375 n.5 (D.C. Cir. 1980).

4

A defendant in default is deemed to have admitted the well-pleaded allegations of the complaint. See e.g. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973). In the instant case, the Plaintiff's Complaint alleges that the District of Columbia Public Schools failed to comply with the terms and conditions of a November 14, 2006 HOD and failed to conduct and review evaluations in all areas of suspected disability.

A November 14, 2006 HOD issued by the DCPS State Enforcement and Investigation Division ordered DCPS to fund an independent auditory processing evaluation of R.P. and to convene an MDT meeting within fifteen days of receipt of that evaluation in order to review all current evaluations and to update R.P.'s IEP. See Compl. ¶ 7; Exhibit 1. DCPS received the auditory processing evaluation on January 8, 2007, but did not convene an MDT meeting despite both the expiration of the HOD's timeline and a letter from Plaintiff's counsel. Compl. ¶¶ 8, 10-11.

R.P.'s auditory processing evaluation recommended that she receive non-verbal cognitive testing. Compl. ¶ 9. On February 9, 2007, DCPS having failed to perform non-verbal cognitive testing, the Plaintiff filed an administrative "due process complaint," alleging, inter alia, that DCPS had failed to comply with the November 14, 2006 HOD and had failed to conduct and review evaluations in all areas of suspected disability. Compl. ¶¶ 14, 17.

The February 9, 2007 due process complaint was resolved in a May 11, 2007 HOD, in which the hearing officer denied the Plaintiff any relief and dismissed her administrative complaint. Compl. ¶¶ 3, 16.

DCPS did not complete non-verbal cognitive testing of R.P. until June 1, 2007, several months after it was recommended, and months after the Plaintiff brought her due process

5

complaint to compel its performance. Compl. ¶ 17. DCPS failed timely to comply with a November 14, 2006 HOD and failed timely to conduct and review necessary evaluations of R.P..

## CONCLUSION

The Defendant has failed to plead or otherwise defend this action and has thereby admitted the factual allegations of the Plaintiff's Complaint. Accordingly, the Court should enter a default judgment against the Defendant and should: 1) declare that DCPS failed to comply with the terms and conditions of a November 14, 2006 hearing officer's determination ("HOD"); 2) declare that DCPS violated the IDEA by failing timely to conduct and to review a comprehensive non-verbal cognitive evaluation of R.P.; and 3) order the Defendant to convene a multidisciplinary team ("MDT") meeting, and at that meeting to accomplish the objectives outlined in the November 14, 2006 HOD and to develop an appropriate compensatory education plan to compensate R.P. for these violations.[1]

Respectfully submitted,

/s/ Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

---

[1] "[C]ompensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student." Reid ex. rel. Reid v. Dist. of Columbia, 401 F.3d 516, 523 (D.C. Cir. 2005) (citation omitted). An MDT may also determine the form and amount of compensatory education owed to a child. See e.g. Blackman v. Dist. of Columbia, 374 F. Supp. 2d 168, 171 (D.D.C. 2005) (ordering DCPS to convene MDT meeting "to determine the appropriate scope and amount of compensatory education to which R.B. is entitled."); Flores v. Dist. of Columbia, 437 F. Supp. 2d 22, (D.D.C. 2006) (denying DCPS' motion to dismiss on mootness grounds when DCPS has not satisfied request for compensatory education); Blackman-Jones Consent Decree, p.42, 2006 WL 2456413 at *21 (D.D.C.) ("Defendants will ensure that all IEP teams are authorized to determine compensatory education awards and that all teams are made aware of and exercise that authority.")

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556



**Confidential**

| | |
|---|---|
| R███ P███, STUDENT ) | |
| ) | |
| Date of Birth: ███████ 1994 ) | Hearing Date: October 31, 2006 |
| ) | |
| Petitioner, ) | Complaint Filed: August 29, 2006 |
| ) | |
| v. ) | |
| ) | |
| THE DISTRICT OF COLUMBIA ) | Held at: 825 North Capitol Street, N.E. |
| PUBLIC SCHOOLS ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| Respondent. ) | |
| ) | |
| Student Attending: ) | |
| Rock Creek Academy ) | |

## HEARING OFFICER'S DECISION

**Parents:**  Ms. Alice Peak, Mother
1370 Congress Street, N.E.
Washington, D.C. 20032

**Counsel for Petitioner:**  Douglas Tyrka, Esquire
1726 Connecticut Avenue, N.W.; Suite 400
Washington, D.C. 20009
(202) 265-4260; Fax: (202) 265-4264

**Counsel for DCPS:**  Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

**Exhibit 1**
**07-1444 (RMC)**

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | R█████ P████ |
|---|---|
| Child's Parent(s) (specific relationship) | Alice Peak, Mother |
| Child/Parent's Representative | Douglas Tyrka, Esquire |
| School System's Representative | Tiffany Puckett, Esquire |

2

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a twelve year-old student attending Rock Creek Academy ("RCA"). On August 29, 2006, Petitioner filed a Due Process Complaint Notice ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to conduct an evaluation for auditory processing. The due process hearing was convened on October 31, 2006. The parties' Five Day Disclosure Notices were admitted into evidence. Neither party offered oral testimony at the hearing.

**Findings of Fact**

1. Petitioner is a twelve year-old student attending RCA.[1]

2. On July 20, 2006, DCPS convened a Multidisciplinary Team ("MDT") meeting. The MDT determined that the "Team is recommending a [sic] auditory processing information."[2] Petitioner's mother signed a Consent for Evaluation form at the meeting.[3]

3. At the Resolution Session meeting on September 13, 2006, DCPS advised the parent to contact Dr. Lucker about conducting an independent evaluation. Dr. Lucker agreed to conduct an independent evaluation for $750.

**Conclusions of Law**

1. DCPS denied Petitioner a free appropriate public education by failing to conduct an auditory processing evaluation within a reasonable period of time after the evaluation was prescribed by an MDT on July 20, 2006.

2. Petitioner is the prevailing party in this proceeding.

---

[1] *Complaint* at 1.
[2] Petitioner's Exhibit ("P.Exh.") No. 9.
[3] P.Exh. No. 10.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 13th day of November 2006, it is hereby

**ORDERED**, that Petitioner shall obtain an independent evaluation of Petitioner's auditory processing at a cost not to exceed $750. Petitioner's counsel shall forward copies of the completed evaluation to the appropriate DCPS Placement Specialist and to the DCPS Office of Mediation and Compliance, along with a written request to convene the MDT meeting described below, by facsimile transmission and first-class mail.

**IT IS FURTHER ORDERED**, that within fifteen (15) business days of its receipt of the independent evaluation, DCPS shall convene an MDT meeting to review all current evaluations and update the IEP as necessary. DCPS shall coordinate scheduling the MDT meeting with Petitioner's counsel.

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED**, that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact the appropriate DCPS Placement Specialist and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.[4]

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[4] If DCPS fails to contact counsel for Petitioner to coordinate scheduling the MDT meeting by a date that would make compliance with this Order feasible, Petitioner's counsel shall initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy within ninety (90) days of the entry of the Hearing Officer's Decision, in accordance with 20 U.S.C. Section 1415(i)(2)(B).

_____
Terry Michael Banks
Hearing Officer

Date: November 13, 2006

Issued: __11\14\06__

Copies to:

Douglas Tyrka, Esquire
1726 Connecticut Avenue, N.W.; Suite 400
Washington, D.C. 20009
(202) 265-4260; Fax: (202) 265-4264

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE PEAK,<br>   Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>   Defendant. | )<br>)<br>)<br>) Civil Action No. 07-1444<br>) RMC<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of the Plaintiff's motion for default judgment it is hereby:

**DECLARED** that the District of Columbia Public Schools ("DCPS") violated the IDEA and denied R.P. a Free Appropriate Public Education ("FAPE") by failing to comply with the terms and conditions of a November 14, 2006 Hearing Officer's Determination ("HOD");

**DECLARED** that DCPS violated the IDEA and denied R.P. FAPE by failing timely to conduct and review a comprehensive non-verbal cognitive evaluation of R.P.; and

**ORDERED** that DCPS shall convene a multidisciplinary team ("MDT") meeting within 15 school days, and at that meeting shall accomplish the objectives outlined in the November 14, 2006 HOD and develop an appropriate compensatory education plan to compensate R.P. for the violations identified above.
.

                  Rosemary M. Collyer
                  United States District Judge